IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
THE STATE OF MISSISSIPPI

JAMEISHA HOLDER                                                      PLAINTIFF

VS.                                          CIVIL ACTION NO. 14CV177 (B)

GLOBAL EXPERTISE OUTSOURCING,
INCORPORATED, DOING BUSINESS AS
THE GEO CORP, INC., AND
MANAGEMENT TRAINING CORPORATION (MTC)          DEFENDANTS

---

## ORIGINAL COMPLAINT

---

**COMES NOW** Plaintiff, Jameisha Holder, by and through undersigned counsel, and files

this Complaint and respectfully shows this Honorable Court the following, to-wit:

### PARTIES

A.   Plaintiff, an adult resident citizen of Lauderdale County, Mississippi whose address is

   3741 Hwy 45 North, Meridian, Mississippi 39301

B.   Defendant, Global Expertise Outsourcing *(hereinafter referred to as "GEO")*, a

   foreign corporation that is qualified to transact business in this state, whose corporate

   headquarters is 621 NorthWest 53rd Street, Suite 700, Boca Raton, Florida 33487, and

   whose registered agent is Prentice-Hall Corporation System, upon whom process may

   be served at  506 South President Street M, Jackson, Mississippi 39201 .

C.   Defendant, Management Training Corporation*( hereinafter referred to as "MTC")* a

   foreign corporation that is qualified to transact business in this state, whose corporate

   headquarters is 500 N Marketplace Drive, Centerville, Utah 84014, and whose

1

registered agent is CT Corporation System, upon whom process may be served at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

## JURISDICTION AND VENUE

1.    a)    This court has jurisdiction of the subject matter because this is a civil action for tort which arose in Lauderdale County, Mississippi and the claim is within the jurisdictional limits of this court per Section 9-9-21 of the *Mississippi Code Annotated of 1972*, as amended, *hereinafter referred to as "MCA.*

b)    There is jurisdiction over the parties because Defendant is incorporated under the laws of this state and has its principal place of business in Lauderdale County.

## FACTUAL ALLEGATIONS

2.    In or around March 2014, Plaintiff began employment with Defendant GEO and/or MTC as a correctional officer at its East Mississippi Correctional Facility unit located at 10641 Highway 80 West, Meridian, Mississippi.

3.    At all times relevant, Plaintiff worked for Defendant GEO/ and/or MTC at the East Mississippi Correctional Facility, hereinafter referred to as ("the facility") and performed her job duties in a highly professional and competent manner.

4.    That on or about April 8, 2014, a scheduled lunch break, Defendants, by and through certain employees, began an obstensibly random search (hereinafter referred to as the "search") of the their employees' vehicle. Plaintiff defaulted on his loan repayment obligation.

5.    That Defendants has two (2) K-9 dogs to assist in the aforementioned search.

6.    That on the date and time in question, the vehicle that the Plaintiff was in possession

2

of was searched while on the Defendant's property.  It is upon the Plaintiff's information and belief that her vehicle was one of the last to be searched while she was exiting the Defendants' for her lunch break.  Plaintiff would show that there was one other vehicle behind her vehicle behind hers.

7.     Plaintiff would show that upon her information and belief that K-9 dogs did not give any indications and/or alerts that drugs were located in her vehicle.

8.     Plaintiff would show that she would told to get back into her vehicle and that she was Ok'd  to leave the campus and go to lunch.

9.     Notwithstanding, Plaintiff hear Sergeant Alexander, a employee of the Defendants (hereinafter referred to as "Alexander") tell certain officer to hold the Plaintiff.  That which time, Alexander advised the Plaintiff he found a few seeds in the passenger side door of her vehicle.  However, Plaintiff thought that she did not him pick anything from her vehicle. **(Note: where was Plaintiff during this search)**

10.     At this time, while Plaintiff was on the phone with her mother, she was asked what was going on.  Plaintiff advised her mother that she Alexander said he found marijuana sees in her vehicle. At this time, Plaintiff began to get very upset and started crying because she has never been in trouble before and, never smoked marijuana or any other drugs.

11.     At this time, certain officer began to tell the Plaintiff to calm down because this was not serious and that she was not going to jail.

12.     Subsequently, Plaintiff was escorted back into the facility for interrogation. Plaintiff was interrogated by Alexander and another Sergeant named Rice.  The interrogation went from asking questions to harrasment. According to Plaintiffs, these officer kept accusing her of smoking marijuana.

13.    In response to the Alexander and Rice's questions, the Plaintiff would consistently answer that she drug not smoke marijuana.  Plaintiff went further to offer that she take in drug and lie detector test.

14.    To which, Alexander advised the Plaintiff that is she wanted to go home, then she would take full responsibilty for the possession of the marijuna seeds alledgely found in her vehicle.

15.    At this time, Plaintiff noticed that the Alexander has been smoking a tobbaco pipe during the entirety of her interrogation.

16.    Plaintiff will show that she advised both officers that she was not taking the blame for violation and/or crime that she did not commit.

17.    As a result, the Mississippi Bureaus of Narcotic was called into the interrgation.

18.    Plaintiff will show that the agent from the Mississippi Bureau of Narcotics wanted her to write a statement of confession, to which the Plaintiff refused.

19.    At this time, Alexander commanded Plaintiff to write the statement so that she could call someone to pick her up and that she would be able to go home.

20.    As the Plaintiff believed that she was out of options that this was the only way to leave, she reluctantly acquiesced and  wrote a statement, under protest.

21.    Plaintiff would that immediately after writing the statement, under protest, the Defendants, by and through theirs employees and agents, tendered the Plaintiff an "Administrative leave without pay" letter. Defendants advised that after a full investigation that she could come back to work and that she was not fired. *A copy of the Administrative letter is attached, marked Exhibit "A" and incorporated by reference verbatim.*

22.    Notwithstanding, Alexander and Rice did not allow the Plaintiff to call someone to pick

4

her up as they promised.  Moreover, a Lauderdale County Deputy came, arrested Plaintiff, and transported her to the Lauderdale County Detention Facility.

23.    At the jail, Plaintiff was told that she would in custody for a while and that she would not get a bond.

24.    Plaintiff will show that she stay an entire night at the Lauderdale County Detention Facility without possibility of a bond until the next day.

25.    Plaintiff will show that on April 9, 2014, the following morning, she was wrongfully charged with a felony, namely *"one count, Possession of a quantity of Marijuana at East Mississippi Correctional Facility"* allegedly in violation of section 41-29-139 of the Mississippi Code Annotated. This felony charge carries a possible sentence of  3 years to 7 years in the state penitentiary and a fine up to $25,000.00. *A copy of the warrant attached, marked Exhibit "B" and incorporated herein by reference verbatim.*

26.    Plaintiff will show that she was subjected to public humiliation and embarrassment because her name, likeness, and the alleged felony crime was published in the local newspaper, Jail House Time, and her name and the felony crime was published in the Meridian Star Newspaper.

27.    Plaintiff will show that for five (5) months, she was under the stress, embarrassment, and inconvenience of the attending grand jury and arraignment court dates due to this alleged felony charge.

28.    Plaintiff will show that on she received a letter from the Lauderdale County Clerk dated September 30, 2014, stating that the Grand Jury returned a NO TRUE BILL for the charge of <u>possession of marijuana 30 grams or less (B6-081-2014.)</u>  *A copy of same is attached, marked Exhibit "C" and incorporated herein by reference.*

## CLAIM ONE

## MALICIOUS PROSECUTION

29.   Plaintiff realleges paragraphs (1) through (28) and incorporate them herein.

30.   Defendants, through and by their employees, maliciously, and without probable cause therefor, cause the Plaintiff to be arrested under a warrant issued by a justice court judge on the above-mentioned charge.

31.   Defendants's criminal charges brought against the Plaintiff were groundless, made without any justification, and the Defendant did prosecute said action against the Plaintiff malicious intent to cause the Plaintiff harm.

32.   Therefore, Plaintiff is entitled to damages as a result of the tortious actions of the Defendants.

## CLAIM TWO

## FALSE IMPRISONMENT

33.   Plaintiff alleges paragraphs (1) through (32) and incorporate them herein.

34.   Defendants unlawfully held the Plaintiff in custody at their facility and caused the Plaintiff to be arrested by Lauderdale County Sheriff Office and imprisoned as the case may be for one (1) night in the Lauderdale County Correctional Facility against her will.

35.   As a result of the Plaintiff being unlawfully and falsely held against her wishes, the Plaintiff was subjected to ridicule and embarrassment and sustained damage to her reputation.

36.   Therefore, Plaintiff is entitled to damages as a result of the tortious actions of the Defendants.

## CLAIM THREE

## DEFAMATION

38.    Plaintiff alleges paragraphs (1) through (37) and incorporate them herein.

39.    Defendant published the foregoing statements with the intent to convey false and defamatory meanings regarding Plaintiff.  That Defendants, by and through its employees intended to convey, and did convey, the false and defamatory meanings.

40.    Defendants intentionally and/or negligently conveyed such false and defamatory meanings through each of his specific statements as well as the combination of such statements and the juxtaposition of words, which in the aggregate in each publication, and in the context of all publications, conveyed the foregoing defamatory and false meanings of and concerning following false and defamatory meanings, among others, about the Plaintiff.

41.    That each and every statement, meaning, and/or allegation made by the Defendant is false.

42.    As of a result, Plaintiff is entitled to compensatory, general, and punitive damages.

## CLAIM FOUR

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.    Plaintiff alleges paragraphs (1) through (42) and incorporate them herein.

44.    Defendant is liable for intentional infliction of emotional distress of the Plaintiff.

45.    As of a result, Plaintiff is entitled to compensatory, general, and punitive damages.

7

## CLAIM FIVE

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

46.   Plaintiff alleges paragraphs (1) through (45) and incorporate them herein.

47.   Defendant is liable for negligent infliction of emotional distress of the Plaintiff.

48.   As of a result, Plaintiff is entitled to compensatory, general, and punitive damages.

## CLAIM SIX

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49.   Plaintiff alleges paragraphs (1) through (42) and incorporate them herein.

50.   Defendant is liable for intentional infliction of emotional distress of the Plaintiff.

51.   As of a result, Plaintiff is entitled to compensatory, general, and punitive damages.

**WHEREFORE, PREMISES, CONSIDERED,** Plaintiff requests that the court issue process upon the Defendant Sandra Stephens, and demand judgment against the Defendants, jointly and severally, in the sum of two-fifty thousand dollars($250,000.00) as compensatory damages and one million ($1,000,000.00) as punitive damages, together with attorney's fees, costs of this proceeding, and any and all, special damages proven at a trial.

Further, Plaintiff prays for more such other and further general relief as shall be meet and proper in the premises.

RESPECTFULLY SUBMITTED,

JAMEISHA HOLDER

JOSEPH A. DENSON,
ATTORNEY FOR PLAINTIFF

Submitted to this court  by:

Joseph A. Denson, MBN 101910
DENSON AND ASSOCIATES, PLLC
Post Office Box 5022
Meridian, MS 39302-5022
Phone: 601-693-5400
Fax: 601-693-5983

ATTORNEY FOR PLAINTIFF

 **MANAGEMENT & TRAINING CORPORATION**
500 North Marketplace Drive ▫ P.O. Box 10 ▫ Centerville, Utah 84014
801/693-2600 ▫ Fax 801/693-2900

# MEMO

**To:**      Jameshia Holder

**Copy:**    Personnel File

**From:**    EMCF HR Manager Derek Davis

**Date:**    **4/8/14**

**Re:**      Administrative Leave

Effective **4/8/14**, you are being placed on administrative leave **without** pay pending an investigation into a Management & Training Corporation policy violation. During your leave you must provide me with a working telephone number where you can be reached between the hours of 8:00a.m - 5:00p.m.

_Ja'Meshia Holder_
Employee Signature/Date

601-400-3548
Phone Number

Rev. 6/1/12

**EXHIBIT "A"**

*Bond $5,000.00*





## WARRANT IN STATE CASE

STATE OF MISSISSIPPI

COUNTY OF LAUDERDALE

TO THE SHERIFF OF LAUDERDALE COUNTY, MISSISSIPPI:

WE COMMAND YOU to take the body of JA'MESHIA MONTRELLIA HOLDER, SSN 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, DOB 2/17/1992, charged with the crime of one count, Possession of a quantity of Marijuana at the East Mississippi Correctional Facility, within said County, which is in violation of the Mississippi Uniform Controlled Substance Act of 1972, Annotated, Section 41-29-139, and the Mississippi Code of 1972, Annotated, Section 47-5-198, and bring her before the undersigned Judge for an examination of said charge.

WITNESS MY HAND, this the _9th_ day of _April_, 2014.

_____
JUSTICE COURT JUDGE



JA'MESHIA MONTRELLIA HOLDER
SSN: 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
DOB: 2/17/1992

B6-081-1-2014

# EXHIBIT "B"



# DONNA JILL JOHNSON

Clerk *of the Circuit, County and Juvenile Courts*
*of Lauderdale County*

POST OFFICE BOX 1005

MERIDIAN, MISSISSIPPI 39302-1005

CIRCUIT COURT (601) 482-9738 FAX
(601) 484-3970
EMAIL circuitcourt@lauderdalecounty.org

COUNTY COURT (601)482-9715 FAX
(601) 486-4940
EMAIL countycourt@lauderdalecounty.org

YOUTH COURT (601)482-9830 FAX (601)
481-1960
EMAIL juvenilecenter@lauderdalecounty.org

CLERK
(601) 482-9731
FAX (601) 482-9734
EMAIL circuitclerk@lauderdalecounty.org

DATE September 30, 2014

The Lauderdale County JULY 2014 Grand Jury returned

a NO TRUE BILL on Jameshia Holder for the charge of:

  Poss of marijuana 30 grams or less (B6-081-2014.)

This case is closed with no further criminal action being pursued.

Donna Jill Johnson,

Circuit Clerk, Lauderdale County

by *Renee R Conner*

Deputy Circuit Clerk



# EXHIBIT "C"

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
THE STATE OF MISSISSIPPI

JAMEISHA HOLDER                                                    PLAINTIFF

VS.                                         CIVIL ACTION NO. 14CN177(B)

GLOBAL EXPERTISE OUTSOURCING,
INCORPORATED, DOING BUSINESS AS
THE GEO CORP, INC., AND
MANAGEMENT TRAINING CORPORATION (MTC)                DEFENDANTS

_____

## SUMMONS
_____

TO THE SHERIFF OF LAUDERDALE COUNTY, MISSISSIPPI OR ANY PROCESS SERVER

You are hereby commanded to serve this summons and a copy of the Complaint in this action upon **GLOBAL EXPERTISE OUTSOURCING, INCORPORATED DOING BUSINESS AS THE GEO CORP, INC.** whose address is _____ _____, by promptly locating the said Defendant and handing to him a copy of this summons and complaint.

## <u>NOTICE TO DEFENDANT</u>
<u>THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.</u>

You are required to mail or hand-deliver a copy of a written response to the Complaint to Joseph A. Denson, the attorney for Plaintiff(s), whose address is P. O. Box 5022, 1004 Twentieth Avenue, Meridian, Mississippi 39302-5022. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 16 day of Dec , 2014.

Donna Jill Johnson
Lauderdale County Circuit Clerk
Meridian, Mississippi

By: _Renee R Conew_
**DEPUTY CLERK**

Prepared by:
JOSEPH A. DENSON, MBN 101910
DENSON AND ASSOCIATES, PLLC
1004 TWENTIETH AVENUE
POST OFFICE BOX 5022
MERIDIAN, MS 39302-5022
PHONE: 601-693-5400
FAX: 601-693-5983

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
THE STATE OF MISSISSIPPI

JAMEISHA HOLDER                                                                PLAINTIFF

VS.                                                    CIVIL ACTION NO. 14 CN1 77 (B)

GLOBAL EXPERTISE OUTSOURCING,
INCORPORATED, DOING BUSINESS AS
THE GEO CORP, INC., AND
MANAGEMENT TRAINING CORPORATION (MTC)                   DEFENDANTS

---

### SUMMONS

---

TO THE SHERIFF OF LAUDERDALE COUNTY, MISSISSIPPI OR ANY PROCESS SERVER

You are hereby commanded to serve this summons and a copy of the Complaint in this action upon **MANAGEMENT TRAINING CORPORATION (MTC)** whose address is _____ _____, by promptly locating the said Defendant and handing to him a copy of this summons and complaint.

### NOTICE TO DEFENDANT
### THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Joseph A. Denson, the attorney for Plaintiff(s), whose address is P. O. Box 5022, 1004 Twentieth Avenue, Meridian, Mississippi 39302-5022. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 16 day of Dec , 2014.

Donna Jill Johnson
Lauderdale County Circuit Clerk
Meridian, Mississippi

By: Renee R Coueit
**DEPUTY CLERK**

Prepared by:
JOSEPH A. DENSON, MBN 101010
DENSON AND ASSOCIATES, PLLC
1004 TWENTIETH AVENUE
POST OFFICE BOX 5022
MERIDIAN, MS 39302-5022
PHONE: 601-693-5400
FAX: 601-693-5983

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
STATE OF MISSISSIPPI

JAMEISHA HOLDER                                                         PLAINTIFF

V.                                        CIVIL ACTION NUMBER:  14-CV-177(B)

GLOBAL EXPERTISE OUTSOURCING
INCORPORATED, DOING BUSINESS
AS THE GEO CORP, INC., AND
MANAGEMENT TRAINING CORPORATION (MTC)                  DEFENDANT

## AGREED JUDGMENT OF DISMISSAL WITHOUT PREJUDICE

THIS CAUSE comes before the Court on the request ore tenus of the Plaintiff, that the

action be dismissed without prejudice as to The GEO Group, Inc. (named in this case as

"Global Expertise Outsourcing Incorporated, doing business as The GEO Corp, Inc.) only.  The

Court finds the Motion should be granted.  It is therefore,

ORDERED AND ADJUDGED that Plaintiff's claims against Defendant The GEO Group,

Inc., (named in this case as "Global Expertise Outsourcing Incorporated, doing business as The

GEO Corp, Inc.") be, and are hereby, dismissed without prejudice.  Each party shall bear her/its

own costs (including attorney's fees).

SO ORDERED AND ADJUDGED, this the _13_ day of January, 2015.

_____
CIRCUIT COURT JUDGE

AGREED:

_____
Joseph Denson (MSB #101910)
Attorney for Plaintiff, Jameisha Holder

_____
Lee Thaggard (MSB #9442)
Attorney for Defendant,
The GEO Group, Inc. (named in this case as
"Global Expertise Outsourcing Incorporated,
doing business as The GEO Corp, Inc.")

FILED
2015 JAN 13 AM 10: 35
CIRCUIT CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

**JAMEISHA HOLDER**                                                    **PLAINTIFF**

**VS.**                                                 **CIVIL ACTION NO. 14-CV-177(B)**

**GLOBAL EXPERTISE OUTSOURCING
INCORPORATED, DOING BUSINESS
AS THE GEO CORP, INC., AND
MANAGEMENT & TRAINING CORPORATION (MTC)**            **DEFENDANTS**

---

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

---

PLEASE BE ADVISED that Defendant Management & Training Corporation, by counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removed this matter to the United States District Court for the Southern District of Mississippi, Northern Division, on January 20, 2015. A copy of the Notice of Removal filed with the Clerk of the United States District Court for the Southern District of Mississippi, Northern Division is attached as Exhibit "1." Accordingly, this matter has been removed from the jurisdiction of the Circuit Court of Lauderdale County, Mississippi.

RESPECTFULLY SUBMITTED, this the 20th day of January, 2015.

                                                        **MANAGEMENT & TRAINING CORPORATION**

                                    BY: _R. Morgan_____

F I L E D

JAN 21 2015

_Donna Jill Johnson_
CIRCUIT CLERK

                                    R. Jarrad Garner (MSB #99584)
                                    Benjamin B. Morgan (MSB #103663)
                                    Adams and Reese LLP
                                    1018 Highland Colony Parkway, Suite 800
                                    Ridgeland, Mississippi 39157
                                    Telephone: (601) 353-3234
                                    Facsimile: (601) 355-9708
                                    jarrad.garner@arlaw.com
                                    ben.morgan@arlaw.com

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, counsel for Defendant Management & Training Corporation, do hereby certify that I have this date mailed, postage prepaid, and/or hand delivered a copy of the foregoing to:

> Joseph A. Denson, Esq.
> Denson and Associates, PLLC
> Post Office Box 5022
> Meridian, Mississippi 39302-5022

THIS the 20th day of January, 2015.

R. Jarrad Garner



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

JAN 20 2015

ARTHUR JOHNSTON
BY_____ DEPUTY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**JAMEISHA HOLDER**                                       **PLAINTIFF**

**VS.**                  **CIVIL ACTION NO.** 3:15cv44 DPJ-FKB

**GLOBAL EXPERTISE OUTSOURCING
INCORPORATED, DOING BUSINESS
AS THE GEO CORP, INC., AND
MANAGEMENT & TRAINING CORPORATION (MTC)**          **DEFENDANTS**

---

### NOTICE OF REMOVAL

---

COMES NOW Defendant Management & Training Corporation ("MTC"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and removes this cause to this Court and would show as follows:

1.      On or about December 16, 2014, Plaintiff Jameisha Holder filed her Complaint styled as *Jameisha Holder vs. Global Expertise Outsourcing Incorporated, Doing Business As The Geo Corp., Inc., and Management & Training Corporation,* Civil Action No. 14-CV-177(B), in the Circuit Court of Lauderdale County, Mississippi.

2.      MTC was served with a copy of a Summons and the Complaint on or about December 26, 2014. Upon information and belief, Defendant Global Expertise Outsourcing Incorporated, Doing Business As The Geo Corp, Inc. ("The Geo Group, Inc.") was served with a copy of a Summons and the Complaint on or about December 29, 2014. However, The Geo Group, Inc. was dismissed from the underlying state court litigation without prejudice on January 13, 2015. *See* Exhibit "A," Agreed Judgment of Dismissal. Consequently, The Geo Group, Inc.'s joinder in this Notice of Removal is unnecessary. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446.

*36707381-1*                 1

**EXHIBIT**

tabbies

1

3.     Diversity jurisdiction is appropriate when the parties are diverse and the amount in controversy is met.  28 U.S.C. §§ 1332.  Here, both the diversity requirement and the amount in controversy requirement are met on the face of Plaintiff's Complaint.

4.     Regarding diversity, Plaintiff admits that she is a resident citizen of Lauderdale County, Mississippi.  *See* Exhibit "B," Complaint, ¶ A.  Plaintiff also admits that MTC is a foreign corporation with its principle place of business located in the State of Utah.  *Id.,* at ¶ C. Therefore, the diversity requirement is met.

5.     Regarding the amount in controversy, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Specifically, Plaintiff explicitly "demand[s] judgment against the Defendants, jointly and severally, in the sum of two-fifty thousand dollars ($250,000.00) as compensatory damages and one million ($1,000,000.00) as punitive damages" in the *ad damnum* paragraph of her Complaint. *Id.,* p. 8.

6.     For the foregoing reasons, the above-described action is a civil action in which this Court has jurisdiction under the provisions of 28 U.S.C. § 1332, since this action is a controversy wholly between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.     MTC has been unable to practicably obtain a copy of the entire state court record as of this date.  Accordingly, and as required by L.U.Civ.R. 5(b), a certified copy of the entire state court record will be filed within fourteen (14) days from the date of removal.

8.     MTC, after promptly filing this Notice of Removal, will give notice to all parties and to the Circuit Clerk of Lauderdale County, Mississippi, by filing a copy of this Notice of Removal with the Circuit Clerk of Lauderdale County, Mississippi.

9.      MTC further reserves its right to amend and/or supplement this Notice of Removal as needed and as appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendant Management & Training Corporation respectfully requests that this Court assume jurisdiction as required by law.

RESPECTFULLY SUBMITTED, this the 20th day of January, 2015.

                              MANAGEMENT & TRAINING CORPORATION

                              BY: _R. Morgan_____
                                   R. Jarrad Garner (MSB #99584)
                                   Benjamin B. Morgan (MSB #103663)
                                   Adams and Reese LLP
                                   1018 Highland Colony Parkway, Suite 800
                                   Ridgeland, Mississippi  39157
                                   Telephone:  (601) 353-3234
                                   Facsimile:  (601) 355-9708
                                   jarrad.garner@arlaw.com
                                   ben.morgan@arlaw.com

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, counsel for Defendant Management & Training Corporation, do hereby certify that I have this date mailed, postage prepaid, and/or hand delivered a copy of the foregoing to:

          Joseph A. Denson, Esq.
          Denson and Associates, PLLC
          Post Office Box 5022
          Meridian, Mississippi 39302-5022

THIS the 20th day of January, 2015.

                              _R. Morgan_____
                              R. Jarrad Garner

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

3.15 cv 44 DPJ-FKB

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jameisha Holder

**DEFENDANTS**
Global Expertise Outsourcing Incorporated, doing business as the GEO Group, Inc., and Management and Training Corporation (MTC)

(b) County of Residence of First Listed Plaintiff   Lauderdale
*(EXCEPT IN U.S. PLAINTIFF CASES)*

SOUTHERN DISTRICT OF MISS
**FILED**

JAN 20 2015

ARTHUR JOHNSTON
BY_____ DEPUTY

County of Residence of First Listed Defendant   Utah
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c)   Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph A. Denson, Esq., Denson & Assoc., PLLC, P.O. Box 5022, Meridian, MS 39302; 601-693-5400

Attorneys *(If Known)*
R. Jarrad Garner, Benjamin B. Morgan, Adams and Reese LLP, 1018 Highland Colony Pkwy, Suite 800, Ridgeland, MS 39157; 601-353-3234

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
　　　Plaintiff

☐ 3   Federal Question
　　　*(U.S. Government Not a Party)*

☐ 2   U.S. Government
　　　Defendant

☒ 4   Diversity
　　　*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act |  | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 & 1441
Brief description of cause:
Wrongful termination, false imprisonment & malicious prosecution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE n/a
DOCKET NUMBER n/a

DATE
01/15/2015

SIGNATURE OF ATTORNEY OF RECORD
R. [signature] (Bar No. 99584)

**FOR OFFICE USE ONLY**

RECEIPT #　　　AMOUNT　　　APPLYING IFP　　　JUDGE　　　MAG. JUDGE

#3464303 1242

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
STATE OF MISSISSIPPI

JAMEISHA HOLDER                                                        **PLAINTIFF**

**V.**                                        CIVIL ACTION NUMBER: 14-CV-177(B)

GLOBAL EXPERTISE OUTSOURCING
INCORPORATED, DOING BUSINESS
AS THE GEO CORP, INC., AND
MANAGEMENT TRAINING CORPORATION (MTC)                    **DEFENDANT**

## AGREED JUDGMENT OF DISMISSAL WITHOUT PREJUDICE

THIS CAUSE comes before the Court on the request ore tenus of the Plaintiff, that the

action be dismissed without prejudice as to The GEO Group, Inc. (named in this case as

"Global Expertise Outsourcing Incorporated, doing business as The GEO Corp, Inc.) only. The

Court finds the Motion should be granted. It is therefore,

ORDERED AND ADJUDGED that Plaintiff's claims against Defendant The GEO Group,

Inc., (named in this case as "Global Expertise Outsourcing Incorporated, doing business as The

GEO Corp, Inc.") be, and are hereby, dismissed without prejudice. Each party shall bear her/its

own costs (including attorney's fees).

SO ORDERED AND ADJUDGED, this the _13th_ day of January, 2015.

_____
CIRCUIT COURT JUDGE

**AGREED:**

_____
Joseph Denson (MSB #101910)
Attorney for Plaintiff, Jameisha Holder

_____
Lee Thaggard (MSB #9442)
Attorney for Defendant,
The GEO Group, Inc. (named in this case as
"Global Expertise Outsourcing Incorporated,
doing business as The GEO Corp, Inc.")



FILED
2015 JAN 13  AM 10: 35
Donna Jean Johnson
CIRCUIT CLERK

**EXHIBIT**

**A**

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
THE STATE OF MISSISSIPPI

JAMEISHA HOLDER                                                           PLAINTIFF

VS.                                           CIVIL ACTION NO. 14CV177 (B)

GLOBAL EXPERTISE OUTSOURCING,
INCORPORATED, DOING BUSINESS AS
THE GEO CORP, INC., AND
MANAGEMENT TRAINING CORPORATION (MTC)                        DEFENDANTS

---

### ORIGINAL COMPLAINT

**COMES NOW** Plaintiff, Jameisha Holder, by and through undersigned counsel, and files this Complaint and respectfully shows this Honorable Court the following, to-wit:

### PARTIES

A.   Plaintiff, an adult resident citizen of Lauderdale County, Mississippi whose address is

3741 Hwy 45 North, Meridian, Mississippi 39301

B.   Defendant, Global Expertise Outsourcing *(hereinafter referred to as "GEO")*, a

foreign corporation that is qualified to transact business in this state, whose corporate

headquarters is 621 NorthWest 53rd Street, Suite 700, Boca Raton, Florida 33487, and

whose registered agent is Prentice-Hall Corporation System, upon whom process may

be served at 506 South President Street M, Jackson, Mississippi 39201.

C.   Defendant, Management Training Corporation *(hereinafter referred to as "MTC")* a

foreign corporation that is qualified to transact business in this state, whose corporate

headquarters is 500 N Marketplace Drive, Centerville, Utah 84014, and whose



**EXHIBIT**

**B**

registered agent is CT Corporation System, upon whom process may be served at 645

Lakeland East Drive, Suite 101, Flowood, MS 39232.

## JURISDICTION AND VENUE

1.    a)    This court has jurisdiction of the subject matter because this is a civil action for

tort which arose in Lauderdale County, Mississippi and the claim is within the jurisdictional limits

of this court per Section 9-9-21 of the *Mississippi Code Annotated of 1972,* as amended, *hereinafter*

*referred to as "MCA.*

b)    There is jurisdiction over the parties because Defendant is incorporated under the

laws of this state and has its principal place of business in Lauderdale County.

## FACTUAL ALLEGATIONS

2.    In or around March 2014, Plaintiff began employment with Defendant GEO and/or

MTC as a correctional officer at its East Mississippi Correctional Facility unit located at 10641

Highway 80 West, Meridian, Mississippi.

3.    At all times relevant, Plaintiff worked for Defendant GEO/ and/or MTC at the East

Mississippi Correctional Facility, hereinafter referred to as ("the facility") and performed her job

duties in a highly professional and competent manner.

4.    That on or about April 8, 2014, a scheduled lunch break, Defendants, by and through

certain employees, began an obstensibly random search (hereinafter referred to as the "search") of

the their employees' vehicle. Plaintiff defaulted on his loan repayment obligation.

5.    That Defendants has two (2) K-9 dogs to assist in the aforementioned search.

6.    That on the date and time in question, the vehicle that the Plaintiff was in possession

of was searched while on the Defendant's property.  It is upon the Plaintiff's information and belief that her vehicle was one of the last to be searched while she was exiting the Defendants' for her lunch break.  Plaintiff would show that there was one other vehicle behind her vehicle behind hers.

7.     Plaintiff would show that upon her information and belief that K-9 dogs did not give any indications and/or alerts that drugs were located in her vehicle.

8.     Plaintiff would show that she would told to get back into her vehicle and that she was Ok'd  to leave the campus and go to lunch.

9.     Notwithstanding, Plaintiff hear Sergeant Alexander, a employee of the Defendants (hereinafter referred to as "Alexander") tell certain officer to hold the Plaintiff.  That which time, Alexander advised the Plaintiff he found a few seeds in the passenger side door of her vehicle.  However, Plaintiff thought that she did not him pick anything from her vehicle. **(Note: where was Plaintiff during this search)**

10.     At this time, while Plaintiff was on the phone with her mother, she was asked what was going on.  Plaintiff advised her mother that she Alexander said he found marijuana sees in her vehicle.  At this time, Plaintiff began to get very upset and started crying because she has never been in trouble before and, never smoked marijuana or any other drugs.

11.     At this time, certain officer began to tell the Plaintiff to calm down because this was not serious and that she was not going to jail.

12.     Subsequently, Plaintiff was escorted back into the facility for interrogation. Plaintiff was interrogated by Alexander and another Sergeant named Rice.  The interrogation went from asking questions to harrasment. According to Plaintiffs, these officer kept accusing her of smoking marijuana.

3

13.   In response to the Alexander and Rice's questions, the Plaintiff would consistently answer that she drug not smoke marijuana.  Plaintiff went further to offer that she take in drug and lie detector test.

14.   To which, Alexander advised the Plaintiff that is she wanted to go home, then she would take full responsibilty for the possession of the marijuna seeds alledgely found in her vehicle.

15.   At this time, Plaintiff noticed that the Alexander has been smoking a tobbaco pipe during the entirety of her interrogation.

16.   Plaintiff will show that she advised both officers that she was not taking the blame for violation and/or crime that she did not commit.

17.   As a result, the Mississippi Bureaus of Narcotic was called into the interrgation.

18.   Plaintiff will show that the agent from the Mississippi Bureau of Narcotics wanted her to write a statement of confession, to which the Plaintiff refused.

19.   At this time, Alexander commanded Plaintiff to write the statement so that she could call someone to pick her up and that she would be able to go home.

20.   As the Plaintiff believed that she was out of options that this was the only way to leave, she reluctantly acquiesced and  wrote a statement, under protest.

21.   Plaintiff would that immediately after writing the statement, under protest, the Defendants, by and through theirs employees and agents, tendered the Plaintiff an "Administrative leave without pay" letter. Defendants advised that after a full investigation that she could come back to work and that she was not fired. *A copy of the Administrative letter is attached, marked Exhibit "A" and incorporated by reference verbatim.*

22.   Notwithstanding, Alexander and Rice did not allow the Plaintiff to call someone to pick

4

her up as they promised.  Moreover, a Lauderdale County Deputy came, arrested Plaintiff, and transported her to the Lauderdale County Detention Facility.

23.   At the jail, Plaintiff was told that she would in custody for a while and that she would not get a bond.

24.   Plaintiff will show that she stay an entire night at the Lauderdale County Detention Facility without possibility of a bond until the next day.

25.   Plaintiff will show that on April 9, 2014, the following morning, she was wrongfully charged with a felony, namely *"one count, Possession of a quantity of Marijuana at East Mississippi Correctional Facility"* allegedly in violation of section 41-29-139 of the Mississippi Code Annotated. This felony charge carries a possible sentence of 3 years to 7 years in the state penitentiary and a fine up to $25,000.00. *A copy of the warrant attached, marked Exhibit "B" and incorporated herein by reference verbatim.*

26.   Plaintiff will show that she was subjected to public humiliation and embarrassment because her name, likeness, and the alleged felony crime was published in the local newspaper, Jail House Time, and her name and the felony crime was published in the Meridian Star Newspaper.

27.   Plaintiff will show that for five (5) months, she was under the stress, embarrassment, and inconvenience of the attending grand jury and arraignment court dates due to this alleged felony charge.

28.   Plaintiff will show that on she received a letter from the Lauderdale County Clerk dated September 30, 2014, stating that the Grand Jury returned a NO TRUE BILL for the charge of possession of marijuana 30 grams or less (B6-081-2014.) *A copy of same is attached, marked Exhibit "C" and incorporated herein by reference.*

5

## CLAIM ONE

## MALICIOUS PROSECUTION

29.   Plaintiff realleges paragraphs (1) through (28) and incorporate them herein.

30.   Defendants, through and by their employees, maliciously, and without probable cause therefor, cause the Plaintiff to be arrested under a warrant issued by a justice court judge on the above-mentioned charge.

31.   Defendants's criminal charges brought against the Plaintiff were groundless, made without any justification, and the Defendant did prosecute said action against the Plaintiff malicious intent to cause the Plaintiff harm.

32.   Therefore, Plaintiff is entitled to damages as a result of the tortious actions of the Defendants.

## CLAIM TWO

## FALSE IMPRISONMENT

33.   Plaintiff alleges paragraphs (1) through (32) and incorporate them herein.

34.   Defendants unlawfully held the Plaintiff in custody at their facility and caused the Plaintiff to be arrested by Lauderdale County Sheriff Office and imprisoned as the case may be for one (1) night in the Lauderdale County Correctional Facility against her will.

35.   As a result of the Plaintiff being unlawfully and falsely held against her wishes, the Plaintiff was subjected to ridicule and embarrassment and sustained damage to her reputation.

36.   Therefore, Plaintiff is entitled to damages as a result of the tortious actions of the Defendants.

## CLAIM THREE

## DEFAMATION

38.   Plaintiff alleges paragraphs (1) through (37) and incorporate them herein.

39.   Defendant published the foregoing statements with the intent to convey false and defamatory meanings regarding Plaintiff. That Defendants, by and through its employees intended to convey, and did convey, the false and defamatory meanings.

40.   Defendants intentionally and/or negligently conveyed such false and defamatory meanings through each of his specific statements as well as the combination of such statements and the juxtaposition of words, which in the aggregate in each publication, and in the context of all publications, conveyed the foregoing defamatory and false meanings of and concerning following false and defamatory meanings, among others, about the Plaintiff.

41.   That each and every statement, meaning, and/or allegation made by the Defendant is false.

42.   As of a result, Plaintiff is entitled to compensatory, general, and punitive damages.

## CLAIM FOUR

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.   Plaintiff alleges paragraphs (1) through (42) and incorporate them herein.

44.   Defendant is liable for intentional infliction of emotional distress of the Plaintiff.

45.   As of a result, Plaintiff is entitled to compensatory, general, and punitive damages.

7

## CLAIM FIVE

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff alleges paragraphs (1) through (45) and incorporate them herein.

47. Defendant is liable for negligent infliction of emotional distress of the Plaintiff.

48. As of a result, Plaintiff is entitled to compensatory, general, and punitive damages.

## CLAIM SIX

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiff alleges paragraphs (1) through (42) and incorporate them herein.

50. Defendant is liable for intentional infliction of emotional distress of the Plaintiff.

51. As of a result, Plaintiff is entitled to compensatory, general, and punitive damages.

**WHEREFORE, PREMISES, CONSIDERED,** Plaintiff requests that the court issue process upon the Defendant Sandra Stephens, and demand judgment against the Defendants, jointly and severally, in the sum of two-fifty thousand dollars($250,000.00) as compensatory damages and one million ($1,000,000.00) as punitive damages, together with attorney's fees, costs of this proceeding, and any and all, special damages proven at a trial.

Further, Plaintiff prays for more such other and further general relief as shall be meet and proper in the premises.

RESPECTFULLY SUBMITTED,

JAMEISHA HOLDER

JOSEPH A. DENSON,
ATTORNEY FOR PLAINTIFF

8

Submitted to this court  by:

Joseph A. Denson, MBN 101910
DENSON AND ASSOCIATES, PLLC
Post Office Box 5022
Meridian, MS 39302-5022
Phone: 601-693-5400
Fax: 601-693-5983

ATTORNEY FOR PLAINTIFF



**MANAGEMENT & TRAINING CORPORATION**
500 North Marketplace Drive   •   P.O. Box 10   •   Centerville, Utah 84014
801/693-2600   •   Fax 801/693-2900

# MEMO

| | |
|---|---|
| **To:** | Jameshia Holder |
| **Copy:** | Personnel File |
| **From:** | EMCF HR Manager Derek Davis |
| **Date:** | 4/8/14 |
| **Re:** | Administrative Leave |

Effective 4/8/14, you are being placed on administrative leave without pay pending an investigation into a Management & Training Corporation policy violation. During your leave you must provide me with a working telephone number where you can be reached between the hours of 8:00a.m - 5:00p.m.

_Ja Meshia Halder_
**Employee Signature/Date**

601-400-3548
**Phone Number**

Rev. 6/1/12

# EXHIBIT "A"

*Bond # $5,000⁰⁰*



### WARRANT IN STATE CASE

STATE OF MISSISSIPPI

COUNTY OF LAUDERDALE

TO THE SHERIFF OF LAUDERDALE COUNTY, MISSISSIPPI:

WE COMMAND YOU to take the body of JA'MESHIA MONTRELLIA HOLDER, SSN 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, DOB 2/17/1992, charged with the crime of one count, Possession of a quantity of Marijuana at the East Mississippi Correctional Facility, within said County, which is in violation of the Mississippi Uniform Controlled Substance Act of 1972, Annotated, Section 41-29-139, and the Mississippi Code of 1972 , Annotated, Section 47-5-198, and bring her before the undersigned Judge for an examination of said charge.

WITNESS MY HAND, this the _9th_ day of _Apl_, 2014.

_____
JUSTICE COURT JUDGE

JA'MESHIA MONTRELLIA HOLDER
SSN: 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
DOB: 2/17/1992

B6-081-1-2014

# EXHIBIT "B"



# DONNA JILL JOHNSON

*Clerk of the Circuit, County and Juvenile Courts*
*of Lauderdale County*

POST OFFICE BOX 1005

MERIDIAN, MISSISSIPPI 39302-1005

CIRCUIT COURT (601) 482-9738 FAX
(601) 484-3970
EMAIL circuitcourt@lauderdalecounty.org

COUNTY COURT (601)482-9716 FAX
(601) 483-4940
EMAIL countycourt@lauderdalecounty.org

YOUTH COURT (601)482-9830 FAX (601)
481-1960
EMAIL juvenilecenter@lauderdalecounty.org

CLERK
(601) 482-9731
FAX (601) 482-9784
EMAIL circuitclerk@lauderdalecounty.org

DATE September 30, 2014

The Lauderdale County JULY 2014 Grand Jury returned

a NO TRUE BILL on Jameshia Holder for the charge of:

Poss of marijuana 30 grams or less (B6-081-2014.)

This case is closed with no further criminal action being pursued.

Donna Jill Johnson,
Circuit Clerk, Lauderdale County

by *Renee R Conert*

Deputy Circuit Clerk



# EXHIBIT "C"